Weygandt, C. J.,
dissenting. In the majority opinion no mention is made of several important and controlling facts.
It should be noted that the respondents ’ demurrer is based on the two grounds that the Court of Appeals was without jurisdiction of the subject matter and that the allegations of the petition are insufficient to state a cause of action for a writ of mandamus.
A careful study of the petition discloses that the respondents’ demurrer should be sustained on both grounds.
The petition contains no allegation of fraud.
Nor is there an allegation of an abuse of discretion.
In the majority opinion it is conceded" that the respondent board of elections is vested with discretion. One of the fundamental principles relating to mandamus is that the writ may not be employed to control discretion. Yet it is held in the majority opinion that the board of elections may not exercise its discretion in this instance but must do one thing, namely, issue a certificate to the relator irrespective of the possibility that a further count may show that in fact some other candidate has received a greater number of votes.
Finally, it is to be wondered whether it is realistic to expect the members of the board of elections to consider that, in the performance of their numerous functions, there are instances in which successive counts may not constitute recounts. Or, restated in terser terms, when is a recount not a recount?
In the interest of securing a correct computation of election results, it would seem that a board of elections should not be deprived of its discretion, where there is no claim of fraud or abuse of discretion.
Zimmerm:an and Peck, JJ., concur in the foregoing dissenting opinion.